MELVIN S. HOLWAY, in equity, *vs.* NATHANIEL GILMAN.

Kennebec.    Opinion January 8, 1889.

*Equity.    Specific Performance.    Mortgage.    Assignment pro tanto.*

Where the holder of a chattel mortgage sold one of the mortgage notes to a third person, the complainant, who was under no obligation to pay it, and at the same time agreed to assign the mortgage *pro tanto*, but refused to execute an assignment, having obtained the money on the note, and converted the chattels to his own use; it appearing that there was sufficient property to pay all the notes, *Held*, that the complainant acquired an equitable interest in the mortgage, and that the mortgagee, upon bill in equity, was liable for the note thus paid by the complainant.

ON REPORT. This was a bill in equity to enforce specific performance of a contract to partially assign a chattel mortgage. After the evidence was closed, the case was reported for the decision of this court.

In his bill the plaintiff alleges that one Kincaid mortgaged his stock of goods to the defendant September 9, 1886, to secure the payment of his three promissory notes, given to the defendant,

that day,—the first for $100, due in two months, the second for $200, due in four months, and the third for $200, due in six months. When the first note became due, Kincaid was unable to pay it; on or about December 1, 1886, the plaintiff contracted through his attorney, one Lancaster, to pay the face value of the note to the defendant, and for a reasonable time not to foreclose the mortgage, to the prejudice of his interest in the property, upon the promise of the defendant to deliver the overdue note to the plaintiff, and to assign to him the mortgage to a sufficient extent to protect the plaintiff from loss upon the note.

The facts appear in the opinion. The property embraced in the mortgage was sold by the defendant after the filing of the bill.

*M. S. Holway, L. Farr* with him, for plaintiff.

The evidence introduced by the plaintiff proves the authority of Lancaster to make the contract, as alleged in the bill. By defendant's own theory and admissions, if Lancaster had no authority, then the plaintiff paid his money under a mistake of the terms of the contract and of which the defendant was informed, and an offer was made to restore things in *statu quo*. Such being the case the defendant cannot, in morals or law, hold it as his own. Kent's Com., vol. 2, 491; Benj. Sales, 50; Wait's Actions and Defences, vol. 4, 495. He is estopped to deny Lancaster's authority as his agent having decided to hold the proceeds of the contract; it was a ratification. Pars. Con., vol. 1, p. 49; Addison on Con., vol. 1, § 60; Usher on Sales, § 73; Wait's Actions and Defences, vol. 1, 233; *Mundorf* v. *Wickershorn*, 63 Penn. 87; *Despatch Line of Packets* v. *Manufacturing Co.*, 12 N. H. 205; 37 Am. Decisions, 203; *Medomak Bank* v. *Curtis*, 24 Maine, 36; *Bryant* v. *Moore*, 26 Ib. 84. The sale of the property by the mortgagee before foreclosure was a conversion as to the mortgagor and the plaintiff an equitable owner.

The defendant should therefore be held to answer in damages. Pom. Eq., § 1410, and cases there cited.

*Brown and Johnson,* for defendant, besides a general answer, filed an answer by way of demurrer and argued that the bill was

defective because, 1st, no definite time is alleged when the mortgage and notes spoken of in the bill were given; 2d, the bill does not allege that the note which the plaintiff claims to have, was one of the notes secured by the mortgage; 3d, he does not allege any time or place where or when the pretended agreement, on which he bases his action, was made. Stephen's Plead. 292; 1 Chitty's Plead. 257; *Gilmore* v. *Mathews*, 67 Maine, 517; *Platt* v. *Jones*, 59 Ib. 232.

The plaintiff has failed to prove his right to an assignment by virtue of a contract. He cannot be considered an equitable assignee of the mortgage. A stranger who pays off a mortgage, in whole or in part, as a voluntary act to which he is not forced to protect his own rights cannot be subrogated to the rights of the principal or assignor. Pom. Eq., vol. 3, § 1212, *et seq;* Herman's Mort. 424; *Moody* v. *Moody*, 68 Maine, 155.

EMERY, J. This equity cause was reported to the law court for determination. We think the evidence shows the material facts to be according to the following narrative : One Kincaid, on September 9, 1886, mortgaged his stock of merchandise, to respondent Gilman, to secure three notes of $100, $200 and $200, maturing in two, four, and six months respectively. When the first note matured, the respondent Gilman, arranged with the complainant Holway through a third person, for Holway to take the first note, and have the mortgage assigned *pro tanto.* In pursuance of this arrangement, Holway paid Gilman the amount of the first note, which was delivered to Holway, but Gilman delayed, and finally refused to execute a written assignment of the mortgage. Holway was under no obligation to pay Kincaid's notes.

When the second note matured, Gilman took possession of all the mortgaged goods under his mortgage, claiming absolute ownership in them. He kept possession of them for some three months until after this suit was threatened against him, and then sold the goods at auction. At the time Gilman took possession, the goods were worth more than the whole mortgage debt, though a less sum was bid at the auction sale.

Upon the foregoing facts, there can be no doubt that Holway the complainant is entitled to relief against Gilman, the respond-

ent.   Holway acquired an equitable interest in the mortgaged goods to the extent of his investment in the mortgage debt.   He was entitled to share *pro rata* in the security.   *Moore* v. *Ware,* 38 Maine, 496; Jones' Chattel Mort. 504.

Gilman took possession of the goods for himself however, ignoring, and refusing to account for the complainant's equitable interest.   At that time, the goods were of sufficient value to pay the entire debt.   Gilman appropriated the whole of them to his own use.   He should be made to pay the complainant the value of his interest, which was the amount of the first note.   Such, is the relief to which the complainant is entitled, and which the court in equity can grant.

> *Decree to be made, that complainant recover against the respondent $100 and interest from September 9, 1886, and costs, and have execution therefor.*
>
> *Decree accordingly.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ. concurred.